Case 4:26-cv-00255   Document 4   Filed 02/12/26 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
February 12, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALVARO GEOVANNY CHAVEZ MEDAL, *et al.*, | § § § § § | |
| Petitioners, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:26-CV-00255 |
| JOE CORLEY PROCESSING CENTER, *et al.*, | § § § § | |
| Respondents. | § | |

## NOTICE OF DEFICIENCY AND ORDER

Ivan E. Hernandez filed this immigration habeas petition under 28 U.S.C. § 2241 as the petitioner on behalf of an immigration detainee, Alvaro Geovanny Chavez Medal. Hernandez reports that Medal is in custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials at the Joe Corley Processing Center in Conroe, Texas. Liberally construing the petition as filed by Hernandez as petitioner's Next Friend, the Court must consider whether it has jurisdiction to hear this case because it is not clear that Hernandez satisfies the requirements to represent Medal.

Federal law provides that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. This provision codified the "next friend" doctrine

1 / 3

that allowed individuals to file habeas petitions on behalf of someone else in certain circumstances. *Whitmore v. Arkansas*, 495 U.S. 149, 162-63 (1990). But those circumstances are limited, and "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* at 163. To qualify for "next friend" status, the filer first "must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* Second, the filer must establish that he is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate" and that he has some "some significant relationship with the real party in interest." *Id.* at 163-64. "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164.

The petition before the Court has not satisfied that burden. The petition and supporting papers do not explain Ivan E. Hernandez's relationship to Alvaro Geovanny Chavez Medal or why Medal cannot file this petition himself.

Accordingly, the Court **ORDERS** as follows:

1. If Ivan E. Hernandez seeks to pursue this action on Alvaro Geovanny Chavez Medal's behalf, he must file a motion to proceed as next friend for Alvaro Geovanny Chavez Medal within **thirty (30) days** of the date of this order that shows he meets the next-friend criteria set forth above.

2. Alternatively, Alvaro Geovanny Chavez Medal may prosecute this action on his own by filing an amended petition under his own signature within **thirty (30) days** of the

date of this order. If Medal does not wish to pursue this action, he may dismiss it by filing a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a).

Failure to comply fully as directed within the time allowed may result in the dismissal of this proceeding under Rule 41(b) of the Federal Rules of Civil Procedure without further notice.

**The Clerk of Court shall send a copy of this Order to both Alvaro Geovanny Chavez Medal and Ivan E. Hernandez.**

SIGNED on this ___12th___ day of February 2026.

_____
ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE